# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LEROY N. EDWARDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-00569-N |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leroy N. Edwards brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Docs. 19 and 20.)

Upon consideration of the administrative record ("R.") (Doc. 13), Edwards's brief (Doc. 14), the Commissioner's brief (Doc. 15), and the arguments presented at the hearing held July 30, 2014 (*cf.* Docs. 16 and 17), the Court has determined that the Commissioner's decision denying Edwards benefits should be **REVERSED** and **REMANDED** for further proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit

## I. Procedural Background

Edwards filed applications for DIB and SSI on February 1, 2011 (*see* R. 137-145), alleging a disability onset date of September 26, 2010 (*see* R. 10, 137, 141). His applications were initially denied. (*See* R. 74-78.) A hearing was then conducted before an Administrative Law Judge on April 4, 2012. (*See* R. 29-63) On July 20, 2012, the ALJ issued a decision finding Edwards is not disabled (R. 7-28). Although he sought review from the Appeals Council, the Appeals Council issued a decision declining to review the ALJ's determination on October 10, 2013 (*see* R. 1-6)—making that determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on November 19, 2013 (*see* Doc. 1).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history, *see id.*; and, in turn,

uses a five-step sequential evaluation to determine whether the

---

Court of Appeals. (*See* Doc. 19.)

claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence

3

favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, Edwards provides three reasons why, he believes, the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence):

(1) The ALJ "committed reversible error . . . by failing to give adequate and controlling weight to the opinion of Plaintiff's treating physician, Dr. Michelle Jackson, M.D." (Doc. 14 at 2);

(2) The ALJ "committed reversible error . . . [by] failing to fulfill her duty to develop the record by ordering a consultative examination to resolve inconsistencies in the evidence" (*Id.*); and

(3) The ALJ "committed reversible error [by] relying on testimony of the vocational expert ("VE") which indicated that a hypothetical claimant similar to Plaintiff could perform work at the light exertional level because the VE's testimony was inconsistent with evidence of record." (*Id.*)

Because the Court finds the first asserted error requires remand to the Commissioner, there is no need to consider the other claims at this time. *Cf. Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at *2 (S.D. Ala. Sept. 4, 2012) ("Because the Court determines that the decision of the Commissioner should be

4

reversed and remanded for further proceedings based on the plaintiff's second claim, regarding the RFC determination, there is no need for the Court to consider the plaintiff's other claims." (citing *Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims."))).

## III. Analysis

This matter must be remanded to the Commissioner because the ALJ failed to articulate sufficient good cause to reject an opinion from a treating physician.

Edwards's argument in this regard concerns the ALJ's treatment of medical opinions from his "treating physician, Dr. Michelle Jackson, M.D." (Doc. 14 at 2.) In addition to providing two medical opinions in March 2012, to support that Edwards is disabled, the record shows Dr. Jackson provided treatment to Edwards at Providence Medical Group beginning no later than late 2010, including conducting a complete physical of Edwards in December 2010. (*See* R. 229-232.) Dr. Jackson also examined Edwards on January 10, 2012, with regard to foot pain, and referred him to a podiatrist. (*See* R. 339.) And, as the ALJ mentioned in her decision (excerpted below), Dr. Jackson provided a physician's certification as to Edwards's application for disability access parking privileges, checking boxes next to statements that the applicant cannot walk more than two hundred feet without stopping to rest and that this severe limitation is due to an arthritic condition. (*See* R. 348.)

5

Edwards asserts it was error for the ALJ to "discredit[] Dr. Jackson's medical assessment of [his] conditions and Dr. Jackson's Clinical Assessment of Pain form" (the CAP), and argues that the ALJ should have "assign[ed] controlling weight to Dr. Jackson's medical assessment and opinion" based in part on the fact that "Dr. Jackson was in an excellent position to provide an opinion of [Edward's] pain and limitations." (Doc. 14 at 2-6 (citations omitted).) As Edwards's brief makes clear, his bone of contention is not that the ALJ failed to consider Dr. Jackson's two opinions, provided in March 2012 (*see* R. 350-352), but that she did not assign controlling weight to them.

While an "ALJ must state with particularity the weight given to different medical opinions and the reasons therefor[,]" *Crow v. Commissioner, Soc. Sec. Admin.*, --- Fed. App'x ----, 2014 WL 3035602, at *3 (11th Cir. July 7, 2014) (per curiam) (citing *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)), as to treating source opinions, the law in this Circuit is that they

> "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)[.[2]] Good cause is shown when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or

---

[2] "In every case, a treating physician will have greater access to the medical records, and more familiarity with the patient and his condition than will an examining physician or a physician who merely reviewed the record evidence. This is the reason for the treating physician rule whereby greater deference is usually accorded to the opinion of a treating physician than the opinion of a physician who has only examined the patient one time or the opinion of a physician who has merely reviewed the medical records. This is the reason the courts require an ALJ to provide specific, legitimate reasons for discounting a treating physician's opinion." *Vine v. Astrue*, Civil Action No. 09-2212-KHV-GBC, 2010 WL 2245079, at *11 (D. Kan. May 11, 2010) (internal citations omitted), *report and recommendation adopted*, 2010 WL 2245076 (D. Kan. June 2, 2010).

inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

*Gilabert v. Commissioner of Soc. Sec.*, 396 Fed. App'x 652, 655 (11th Cir. Sept. 21, 2010) (per curiam) (some internal citations modified); *accord Evans v. Commissioner, Soc. Sec. Admin.*, 551 Fed. App'x 521, 524 (11th Cir. Jan. 6, 2014) (per curiam).

In the first opinion, rendered in a letter dated March 2, 2012 (R. 350), Dr. Jackson establishes Edwards "has been seen [by her practice] a total of three times since December 2010[,]" and provides that, although Edwards

> used to be in construction, [Dr. Jackson] do[es] not believe there is any way possible he could go back to his previous job description because of his chronic medical disability. He walks with a cane. He has limited range of motion in his joint in his lower extremities. He certainly cannot bend, squat, carry heavy loads, or go up and down ladders.

(Id.) In her decision, the ALJ

> assigned some evidentiary weight to the functional restrictions Dr. Jackson outlined for the claimant in her March 2, 2012 letter at Exhibit 15F [R. 350]. Dr. Jackson stated that the claimant could bend, squat, carry heavy loads, or go up and down ladders. These restrictions are not inconsistent with the residual functional capacity of this decision. I have also given some evidentiary weight to Dr. Jackson's statement in the Application for Disability Access Parking Privileges at Exhibit 13F [R. 348] that the claimant was "severely limited" in his ability to walk due to an arthritic condition, and that he could not walk "two hundred feet without stopping to rest." These conclusions are also not inconsistent with the residual functional capacity of this decision.

(R. 19.)

As to the first opinion (as well as Dr. Jackson's opinion contained in the

7

disability parking application), the ALJ did not reject it, but rather accorded it "some evidentiary weight." (*Id.*) As to Dr. Jackson's conclusion that Edwards "certainly cannot bend, squat, carry heavy loads, or go up and down ladders" (R. 350), as the ALJ stated (*see* R. 19), most of that opinion is consistent with the ALJ's RFC (*compare* R. 350, *with* R. 18 (Edwards "can never climb ladders, ropes, or scaffolds; he can never kneel, crouch, or crawl")). To the extent the ALJ rejected some aspects of that opinion (*compare, e.g.,* R. 350 (Edwards "cannot bend"), *with* R. 18 (Edwards "can occasionally bend"), the ALJ's conclusion is consistent with other substantial evidence in the record—the physical capacity evaluation completed on October 17, 2011 by Dr. Wallace, another treating source (*see* R. 317 (noting that, although Edwards cannot squat, he can bend for eight hours in an eight-hour day)). Thus, the ALJ has stated an adequate reason to not give Dr. Jackson's entire opinion, as expressed in the letter dated March 2, 2012, controlling weight. *See, e.g., Evans*, 551 Fed. App'x at 524 (reiterating that "[g]ood cause exists when" a treating physician's "opinion was not bolstered by the evidence" or "the evidence supported a contrary finding" (citing *Lewis*, 125 F.3d at 1440)); *Phillips*, 357 F.3d at 1241 (same); *see also Madison v. Astrue*, No. 08-1243-JTM, 2009 WL 1873811, at *5 (D. Kan. June 30, 2009) ("An ALJ may give less weight to the opinion of a physician when it is inconsistent with the other substantial evidence in the record." (citing *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007))); *Lewis v. Astrue*, No. CA 12–00201–C, 2012 WL 5868615, at *8 (S.D. Ala. Nov. 20, 2012) (same).

The problem with the ALJ's treatment of Dr. Jackson's opinions lies, however,

8

with the reasons the ALJ articulated for rejecting the CAP:

> . . . I have assigned very little evidentiary weight to Dr. Jackson's opinions in the Clinical Assessment of Pain form at Exhibit 16F [R. 351-352]. Dr. Jackson's opinions regarding the severity of the claimant's pain and its incapacitating effects set out in the pain form are contrary to information contained in Exhibit 15F. For example, in Exhibit 15F, Dr. Jackson stated that the claimant had "chronic hip pain," but she did not state that his pain was severe and/or debilitating. In Exhibit 15F, Dr. Jackson observed that the claimant walked with a cane, had an antalgic gait, and had limited range of motion of his hips, but she did not identify any specific clinical examination findings indicative of the severe pain she indicated in Exhibit 16F. Finally, the validity of Dr. Jackson's opinions regarding the severity of the claimant's pain in Exhibit 16F are further undermined by the fact that, at his visit with Dr. Jackson on January 10, 2012, the claimant stated that he was not taking any pain medications, including narcotics, and by the fact that at his last visit with Dr. Wallace on January 6, 2012, the claimant reported having knee pain, but there were no allegations of hip or back pain. It seems more likely than not that, had the claimant been experiencing pain in the degree Dr. Jackson indicated in the pain form, he would have been taking an analgesic of some sort, either prescription or over-the-counter.

(R. 19.)

As the ALJ quite clearly states, the principal basis for rejecting the CAP is that the severity of pain Dr. Jackson identifies therein is "undermined" by the ALJ's conclusion that Edwards was not taking pain medications at the time he visited Dr. Jackson in January 2012. (*Compare id.*, *with* R. 339 ("He's not on any pain medications. We did run him on the Alabama Physician's Query web site and he was clean. He was not on any chronic medications. No narcotics, etc. . . .").) The ALJ, however, fails to take into consideration that as part of Dr. Jackson's prescribed treatment plan for Edwards, set out at the bottom of the January 10, 2012 treatment note, he was prescribed Percocet. (*See* R. 339.) Thus, because the

9

record reflects that Dr. Jackson prescribed to Edward an opioid commonly used to relieve moderate to severe pain approximately two months prior to completing the CAP, the undersigned cannot find that the ALJ has provided sufficient good cause to reject Dr. Jackson's CAP when she concludes her reasoning for that rejection by stating, "It seems more likely than not that, had the claimant been experiencing pain in the degree Dr. Jackson indicated in the pain form, he would have been taking an analgesic of some sort, either prescription or over-the-counter." (R. 19.)[3]

Because the ALJ has not articulated adequate reasons to reject a pain assessment provided by a treating physician, the Commissioner's decision is not supported by substantial evidence and, therefore, must be remanded. *Compare cf. Warbington v. Colvin*, Civil Action No. 13–00119–N, 2013 WL 6627015, at *8 (S.D. Ala. Dec. 17, 2013) ("If an RFC from a treating source exists in the record, before the Court may consider whether an ALJ's RFC determination that does not give controlling weight to the treating source RFC is supported by substantial evidence, it must first determine whether substantial evidence supports the reasons the ALJ articulated for not giving controlling weight to the opinions of the treating source."), *with Thomas v. Astrue*, No. CA 11–0406–C, 2012 WL 1145211, at *9 (S.D. Ala. Apr. 5, 2012) ("Because the undersigned finds that the ALJ did not explicitly articulate an

---

[3] The January 10, 2012 record notes "[p]rescription for Percocet 7.5/500 mg #40 one q.i.d. p.r.n., no refills." (R. 339.) While no refills is noted, the transcript of the hearing with the ALJ reveals that Edwards was at that time still taking Percocet for pain (one every four to six hours) and was still seeing Dr. Jackson for pain medication management. (*See* R. 49-50 (Edwards also testified that Dr. Jackson switched Edwards from Lortab to Percocet.).)

adequate reason, supported by substantial evidence, for rejecting a portion of [the treating physician's] PCE assessment, this Court must necessarily find that the ALJ's RFC determination is not supported by substantial evidence.").

## IV. Conclusion

It is **ORDERED** that the decision of the Commissioner of Social Security denying Edwards benefits be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes Edwards a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 29th day of August, 2014.

                                   */s/ Katherine P. Nelson*
                                   **KATHERINE P. NELSON**
                                   **UNITED STATES MAGISTRATE JUDGE**